UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PREBLE-RISH HAITI, S.A.

                       Plaintiff,                    21-cv-4960 (PKC)

            -against-                    OPINION AND ORDER

REPUBLIC OF HAITI and BUREAU DE
MONÉTISATION DE PROGRAMMES D'AIDE
AU DÉVELOPPMENT,

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Preble-Rish Haiti, S.A. ("Preble-Rish") seeks a stay of the Court's Opinion and Order of September 3, 2021 (the "September 3 Order") vacating the attachment of funds in the name of intervenor Banque de la Républic d'Haïti ("BRH"), the central bank of the Republic of Haiti, and held in a Citibank account. BRH is not a party to the action and enjoys an immunity specific to central banks under the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1611(b)(1). Preble-Rish has previously moved for the Court to reconsider the September 3 Order, and to order BRH to re-deposit the previously attached funds pursuant to Rule 62(a), Fed. R. Civ. P. For reasons to be explained, the motion for a stay pending appeal and reconsideration will be denied. The motion for an order directing a re-deposit will be denied as moot. Familiarity with the September 3 Order is assumed.

MOTION TO STAY

        As the Second Circuit has held, the "factors relevant to granting a stay pending appeal are the applicant's 'strong showing that he is likely to succeed on the merits,' irreparable

1

injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest.  Uniformed Fire Officers Assoc. v. de Blasio, 973 F.3d 41, 48 (2d Cir. 2020) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)).  Preble-Rish has not satisfied this standard.  "The first two factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result,' it is 'an exercise of judicial discretion,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"  Id. (quoting Nken at 433-34).

      Preble-Rish has not made a strong showing that it is likely to succeed on appeal.  In relevant part, the FSIA provides that:

> (b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if—
>
> (1) the property is that of a foreign central bank . . . held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution . . . .

28 U.S.C. § 1611(b)(1).

      There is no dispute that non-party BRH is the central bank of Haiti.  Nor is there a dispute that the funds held at Citibank are held in the name of BRH.

      The Second Circuit has held that "[w]here funds are held in an account in the name of a central bank or monetary authority, the funds are presumed to be immune from attachment under § 1611(b)(1)."  NML Cap., Ltd. v. Banco Central de la República Argentina, 652 F.3d 172, 194 (2d Cir. 2011).  Preble-Rish, while not disputing that the funds are in an account in the name of Haiti's central bank, argues that because the account is with Citibank, and not the Federal Reserve, there is no presumption of immunity.  But neither the statute nor any controlling law requires that the funds in the central bank's name be held in a specific bank as a

predicate to a claim of immunity. Thus the presumption of immunity under NML Capital, Ltd. applies.

A plaintiff may rebut this presumption of immunity, "by demonstrating with specificity that the funds are not being used for central banking functions as such functions are normally understood, irrespective of their 'commercial' nature. Id. Preble-Rish argues that it has rebutted this presumption, because the payment of Bureau De Monétisation De Programmes D'Aide Au Développment's ("BMPAD") fuel contracts is a commercial use of central bank funds, and such payment is not a central bank function "as such functions are normally understood." Id. In the September 3 Order, the Court reasoned that even assuming arguendo that payment of BMPAD fuel contracts was a commercial use of central bank funds, this was still a permissible and typical central bank activity. As the Court noted, holding funds for the benefit of various government agencies and their commercial activities is part of "normally understood" central bank functions. Nothing presented by Preble-Rish has overcome the presumption. Facilitating payment of governmental agency's debts abroad is a typical central bank activity and Preble-Rish cites no contrary controlling authority. See September 3 Order at 7 (collecting cases).

Nor has Preble-Rish shown irreparable harm absent a stay pending appeal. Preble-Rish has not yet prevailed on its motion to confirm the arbitration award, but if it does so, the award will be enforceable against BMPAD, not BRH. If Preble-Rish succeeds in obtaining a judgment against BMPAD, it will have a full range of means to enforce the judgment to the extent permitted by federal, state, and foreign law. The fact that central bank funds in the hands of Haiti's central bank for its use are immune from attachment does not amount to irreparable harm to Preble-Rish.

There would be substantial harm to non-party BRH and to the public interest if a stay were granted. Statutory recognition of the immunity from attachment of assets held by and for the use of central banks of foreign governments is a feature of this nation's foreign policy and promotes international comity for similar institutions. The attachment of funds held by and for the central bank of Haiti is contrary to the public interest as reflected in the policy that underlies the FSIA. Keeping in place an attachment of $29 million held in an account in the United States harms the central bank of Haiti directly because it deprives it of the ability to direct the use of those funds. Serious harm to BRH and the public interest counsels against granting the stay.

Accordingly, the Court denies the motion to stay the enforcement of the September 3 Order insofar as it vacates the attachment of funds in the accounts of BRH. However, it grants Preble-Rish a temporary fourteen-day stay on the release of the funds, so that it may apply for a stay pending appeal pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure.

MOTION FOR RECONSIDERATION

Although Preble-Rish has filed a notice of appeal, the District Court maintains jurisdiction over Preble-Rish's previously filed motion for reconsideration. See Straw v. Dentons US LLP, 20-cv-3312, 2020 WL 3962067, at *2 (S.D.N.Y. July 11, 2020) (Koeltl, J); Weiss v. City of New York, 96-cv-8281, 2003 WL 21414309, at *1 n.1 (S.D.N.Y. June 19, 2003) (Swain, J); see also Fed. R. App. P. 4(a)(4)(B)(i).

A motion for reconsideration may be granted based upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); see also NEM Re Receivables, LLC

4

v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396-97 (S.D.N.Y. 2016) (analyzing a motion for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Rule 6.3 under these three grounds). Motions for reconsideration are held to strict standards, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

For the same reasons as the denial of the stay, the Court denies the motion. Preble-Rish seeks to relitigate issues already decided by the September 3 Order, arguing that the Court overlooked certain facts. This is not the case. BRH is the central bank of Haiti, and was facilitating payments on behalf of BMPAD, a Haitian governmental agency. This is not an atypical central bank activity.

The Court also denies the motion to reconsider its decision on Preble-Rish's discovery requests. There is no reasonable basis to grant discovery over the Citibank account. It is in the name of a central bank, and Preble-Rish's contention that some portion of funds was used to facilitate payment on BMPAD's behalf does not rebut the presumption of immunity. The interrogatories and document request are not narrowly tailored to address the limited factual inquiry permitted by NML Capital, Ltd. and the Court declines to modify its September 3 Order insofar as it quashed that discovery. Whether Preble-Rish may pose some other inquiry of Citibank is not an issue the Court need reach on the pending motions.

RULE 62

Rule 62(a), Fed. R. Civ. P., provides that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." To the extent that Citibank has vacated the attachment and

any funds have been withdrawn, Preble-Rish seeks to have the funds ordered redeposited into the account and declared subject to the attachment until October 4, 2021, the expiration of the 30-day period.

The Court need not decide whether Rule 62(a), assuming its applicability, permits a Court to order the redeposit of released funds. The 30-day period in Rule 62(a) has expired. If the Court had the residual authority to order a redeposit of funds, it would not do so. The plain language of Rule 62(a) permits a court, in the exercise of its discretion, to order "otherwise." In the exercise of discretion and for the reasons that the Court is denying the discretionary stay, it would not order the redeposit of any funds.

CONCLUSION

For the reasons stated above, Preble-Rish's motion for a stay pending appeal is DENIED. The Court will GRANT a temporary fourteen-day stay to permit Preble-Rish to apply for a stay pursuant to Rule 8(a), Fed. R. App. P. The motion for reconsideration of the September 3 Order is DENIED. The motion brought under Rule 62(a) is DENIED. The Clerk is directed to terminate the motions (Docs 63, 68).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 5, 2021