UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PREBLE-RISH HAITI, S.A.,

                            Plaintiff,                        21-cv-4960 (PKC)

     -against-

                                                              ORDER

REPUBLIC OF HAITI, BUREAU DE
MONÉTISATION DES PROGRAMMES D'AIDE
AU DÉVELOPPEMENT,

                            Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

         In an order dated September 30, 2022, the Court dismissed plaintiff Preble-Rish Haiti, S.A.'s ("Preble-Rish") motion to compel compliance with a subpoena for the testimony at deposition of Michel Patrick Boisvert, Minister of Economy and Finance for defendant Republic of Haiti. Preble-Rish Haiti, S.A. v. Republic of Haiti, et al., 21-cv-4960 (PKC) (S.D.N.Y Sept. 30, 2022) (the "Order"). Preble-Rish had intended to depose Minister Boisvert as part of an effort to locate assets to attach in satisfaction of an arbitration award. (Order at 1.) For the purposes of the Order, the Court assumed that Minister Boisvert was an officer of the Republic of Haiti—a party to the action. (Id. at 2.) Applying the relevant provisions of Rule 45, Fed. R. Civ. P., and based on a declaration from Mr. Boisvert stating he did not regularly travel to Washington, DC or New York, the Court determined that he could not be commanded to appear in either location. (Id. at 2–3.)

         Preble-Rish moves for reconsideration of that ruling pursuant to Rule 60(b), Fed. R. Civ. P., and Local Civil Rule 6.3. For reasons explained below, the Court denies the motion.

DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P.  A district court may grant relief from an order pursuant to Rule 60(b) if certain grounds are shown.  For example, if there was "mistake, inadvertence, surprise, or excusable neglect" or if there is "any other reason that justifies relief."  Rule 60(b).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.; see In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) ("Reconsideration . . . is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (quotation marks and citations omitted)).  "A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."  Smith v. City of New York, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013) (quotation marks and citation omitted).

Rule 45(c)(1), Fed. R. Civ. P., provides:

> **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> > (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> >
> > (B) within the state where the person resides, is employed,

>    or regularly transacts business in person, if the person
>
>    (i) is a party or a party's officer; or
>
>    (ii) is commanded to attend a trial and would not incur substantial expense.

Rule 45. As noted above, the Court assumed that Minister Boisvert was the officer of a party to the action, which made him subject to the provisions of Rule 45(c)(1)(B). (Order at 2.)

Preble-Rish raises two arguments. First, it argues that the Court "erred in applying the geographical limitations imposed by Rule 45." (ECF 130 at 1.) It claims that the Court denied the motion to compel "because he is beyond 100 miles from the courthouse," that is, under Rule 45(c)(1)(A), but that the Court should have instead treated Minister Boisvert as the representative of a party. (Id. at 6.) It then argues that "the geographic limitation of Rule 45 does not apply to depositions of parties." (Id. at 7.)

This argument fails for several reasons. As noted above, the Court explicitly assumed that Minister Boisvert was a party's officer for the purposes of the motion and applied the "within the state" requirements of 45(c)(1)(B), specifying that "he may not be commanded to appear in Washington DC or New York." (Order at 2.) More to the point, the claim that the requirements of Rule 45 do not apply to parties is flatly contradicted by the text of Rule 45(c)(1)(B), which sets geographic restrictions for deposition subpoenas where a person is "a party or a party's officer." Preble-Rish offers that Rule 45 subpoena requirements do not apply to depositions proceeding by notice of deposition under Rule 30. See, e.g., Ewing v. Integrity Cap. Sols., Inc., 16 Civ. 1469 (JLS) (MDD), 2018 WL 3729139, at *1 (S.D. Cal. Aug. 6, 2018) ("Deposition of a party, however, may proceed by notice; a subpoena is not required. A deposition of a party proceeding by notice is not governed by Rule 45." (citations omitted)). But as Preble-Rish sought to compel compliance with a subpoena under Rule 45, the provisions of

3

that Rule apply.

Second, PRH argues that the Order "directly conflicts" with the decision in <u>Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.</u>, 19 Civ. 8669 (MKV), 2022 WL 3974409 (S.D.N.Y. Aug. 31, 2022). Regardless of its substance, a ruling from another Court in this district is not a "controlling decision" and is not on its own grounds for granting a motion for reconsideration. See <u>Camreta v. Greene</u>, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotation marks omitted)). Even if the Court were bound by the cited opinion, it would not impact the Order—the opinion does not mention the geographic limitations of Rule 45, but instead primarily addresses sanctions under Rule 37. There is no indication that any of the subpoenaed witnesses in that case raised similar objections to those addressed in the Order. This argument too will be rejected.

CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk is directed to terminate ECF 129.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 27, 2023